**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ROBERT E. MOON,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**RICHLAND CORRECTIONAL** )<br>**INSTITUTE STATE OF OHIO,** )<br>)<br>**Defendant.** ) | **CASE NO. 1:19 CV 1250**<br><br>**JUDGE DAN AARON POLSTER**<br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

*Pro se* Plaintiff Robert Moon brings this action pursuant to 42 U.S.C. § 1983 against the Richland Correctional Institute ("RCI") where he is confined. (Doc. #: 1). Moon claims that there are birds in the "chow hall" that fly around during mealtime and drop bird feces on the table. (*Id*. at 3). Plaintiff asks this Court to require RCI to make the dining hall safe and healthy and to award him three million dollars in damages. (*Id*. at 5).

For the reasons that follow, this case is dismissed.

**A. Standard of Review**

*Pro se* pleadings are held to a less stringent standards than pleadings drafted by lawyers, and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). That said, federal district courts are expressly required by 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B) for failure to state a claim.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint "'must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  *Id*. (quoting *Iqbal*, 556 U.S. at 678).

**B. Analysis**

    **1. Defendant is not subject to suit under § 1983**

To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the constitution by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  As an initial matter, RCI is not a legal entity capable of being sued under § 1983.  *Miles v. Richland Corr. Inst.*, No. 1:14-CV-01648, 2015 WL 366898, at *3 (N.D. Ohio Jan. 27, 2015) (RCI is not a legal entity capable of being sued under § 1983) (citing *Brown v. Imboden,* 2011 WL 3704952 at * 2 (N.D. Ohio Aug. 23, 2011) (finding that Mansfield Correctional Institution is not *sui juris* and, therefore, not capable of being sued under § 1983)).

Moreover, RCI is part of the Ohio Department of Rehabilitation and Correction ("ODRC").  ODRC is an agency of the State of Ohio and immune from suit pursuant to the Eleventh Amendment, unless the State of Ohio has waived its sovereign immunity or consented to be sued in federal court.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Congress did not intend that § 1983 abrogate the State of Ohio's Eleventh Amendment immunity, and the State of Ohio has not waived that immunity to suit in federal court.  *See id.* at

66-67; *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

Because Defendant is not *sui juris* and the ODRC is immune from suit, Plaintiff fails to state a plausible § 1983 claim upon which relief can be granted, and this action is dismissed pursuant to § 1915(e).

**2. Plaintiff fails to state a plausible § 1983 claim**

This action is subject to dismissal for the additional reason that Plaintiff fails to state a plausible § 1983 claim. Moon does not specifically identify the right secured by the Constitution of which he was allegedly deprived. Although not specifically stated, it appears that Plaintiff is attempting to assert an Eighth Amendment claim. Therefore, reading the Complaint liberally, the Court construes his claim as alleging an Eighth Amendment violation.

The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Unconstitutional conditions-of-confinement claims are analyzed under the Eighth Amendment deliberate-indifferent standard for cruel and unusual punishment. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). Deliberate indifference has two components: (1) objectively, the constitutional deprivation must be sufficiently serious, and (2) subjectively, the government official must disregard a known or obvious risk. *Farmer*, 511 U.S. at 834. To satisfy the objective component, Plaintiff must allege that the deprivation was "sufficiently serious," that is, a denial of the "minimal civilized measure of life's necessities." *Id.* (citations omitted). To satisfy the subjective component, Plaintiff must show that the prison official has a "sufficiently culpable state of mind." *Id.* In a

prison conditions case, that state of mind is one of 'deliberate indifference' to an excessive risk to inmate health or safety. *Id.* at 837.

Here, Plaintiff fails to allege sufficient facts regarding birds in the dining hall to establish the objective component. "Conditions-of-confinement cases are highly fact-specific, but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (citing *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) ("In general, the severity and duration of deprivations are inversely proportional[.]")). Plaintiff provides no facts from which this Court may infer that his allegation of birds in the dining hall, even taken as true, is sufficiently serious so as to deprive Plaintiff of the "minimal civilized measure of life's necessities."

Nor does Plaintiff allege facts from which this Court may infer that the objective component has been satisfied. At most, Moon alleges that prison officials were aware that birds were flying about in the dining hall. Deliberate indifference is a higher standard than negligence, and requires that prison officials know of and disregard a substantial risk of serious harm to inmate health and safety. *Farmer*, 511 U.S. at 837. Even taken as true, Moon's allegation falls far short of showing the culpable state of mind necessary to support the deliberate indifference component of an Eighth Amendment claim. *See Nunez v. Wertz*, No. 3:CV-14-0727, 2017 WL 3868524, at *12 (M.D. Pa. Sept. 5, 2017) (prisoner failed to establish that defendant was deliberately indifferent to bird feathers and droppings in dining hall).

This case is subject to dismissal pursuant to § 1915(e) for the additional reason that Moon fails to state a plausible § 1983 claim upon which relief can be granted.

**C. Conclusion**

For all of the foregoing reasons, this action is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

_____ 6/4/2019
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.